## KIRBY *vs.* SISSON.

THIS was an action of assumpsit, tried at the Essex circuit, in January, 1828, before the Hon. REUBEN HYDE WALWORTH, then one of the circuit judges. The declaration contained a count on a promissory note for $50, made by the defendant, payable to the plaintiff *or bearer*, and also the common money counts. On the trial of the cause, the plaintiff proved *the loss of the note* and the contents thereof

by the production of a copy, and rested. The defendant,
without objecting to the plaintiff's right of recovery on the
ground of the loss of the note, introduced evidence to im-　　
peach its consideration.　After hearing testimony on both　　
sides, the presiding judge decided that the defendant had es-
tablished his defence ; whereupon the plaintiff submitted to
a nonsuit, with leave to apply to this court to set the same
aside ; which motion being made, the counsel for the defend-
ant now objected that the plaintiff was not entitled to main-
tain his action on the note declared on, it having been lost.

*S. Stevens,* for plaintiff.

*R. Weston,* for defendant.

*By the Court,* MARCY, J.　On the argument of the case
here, the plaintiff is met with the objection, not made on the
trial, that he cannot recover because the note is lost.　This
objection, considering the stage of the suit in which it is
made, cannot claim our favorable notice ; and if the counsel
for the plaintiff had suggested, or we could conceive any way
which it is probable that such objection, if taken on the trial,
could have been obviated, we would not now regard it.

It is urged, in the first place, that the objection could have
been removed by the giving security to the defendant to in-
demnify him against being called upon again for the same
demand.　The power of a court of law to provide in this
manner against such a contingency is denied by Lord Eldon.
(*6 Vesey, jun.,* 812.)　In the case of *Pierson v. Hutchinson,*
(*2 Campb.* 211,) the plaintiff, before bringing his suit, offer-
ed the defendant unexceptionable indemnity, but that was
not considered sufficient to remove the difficulty; and Lord
Ellenborough observes in relation to it, that whether an in-
demnity be sufficient or insufficient, is a question of which a
court of law cannot judge.　The doctrine that a court of
law can take such indemnity, is repudiated by him as con-
trary to the judicial system of England.

Again ; it is said if the objection had been made known at
the trial, the plaintiff might have induced the circuit judge to
withdraw a juror, to the end that he might go to the court of

chancery, if that was his only remedy, or to make further search, or to obtain time so that accident might bring the note to light. As it respects making further search, and getting further time, the reply is, that sufficient time it is to be presumed was taken, and diligent search made by the plaintiff before he determined to go to trial; and the suggestion that an application might have been made to let the cause go off, in order to seek a remedy in chancery, is not a reason for this court to set aside the nonsuit. The plaintiff's way to chancery is not obstructed by the nonsuit. This view of the case seems to admit that if the objection had been made at the trial, it would have prevailed; but it supposes that the situation of the plaintiff might have been better than it will be if this court do not interfere with the nonsuit. Such, I apprehend, would not have been the case.

It is further urged that the plaintiff might have shewn that the note was lost after the suit was commenced, and during a *lis pendens* concerning it. If such was the fact, it would not have removed the objection. In the case of *Poole* v. *Smith*, (1 *Holt.* 144,) the bill of exchange on which the suit was brought, was lost after the plaintiff had noticed his cause for trial, and the objection to his recovery on the ground of the non-production of the bill was sustained.

As this case stood at the trial, I do not see how the plaintiff could have disposed of the objection if it had been taken there; and we are therefore not at liberty to disregard it when presented to us here.

It has been deliberately settled by this court, in the case of *Rowley* v. *Ball*, (3 *Cowen*, 303,) that an action cannot be sustained on a note payable to bearer which is lost. The objection therefore disposes of the motion for a new trial, and renders it unnecessary to consider the other points made in the case.

New trial denied.